Brian D. Caplan
Robert W. Clarida
Brett Van Benthysen
REITLER KAILAS & ROSENBLATT LLP
885 Third Avenue, 20th Floor
New York, New York 10022
Phone: (212) 209-3050
Fax: (212) 371-5500
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com
bvanbenthysen@reitlerlaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAMERON GILES, p/k/a CAM'RON,<br><br>Plaintiff,<br><br>v.<br><br>JERMAINE LAMARR COLE, p/k/a J. COLE; COLE WORLD INC.; and UNIVERSAL MUSIC GROUP, INC.,<br><br>Defendants. | Case No. 1:25-cv-08920<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Cameron Giles ("Plaintiff"), by his attorneys, as and for his Complaint against Jermaine Lamarr Cole ("Cole"), Cole World Inc. ("Cole World"), and Universal Music Group, Inc. ("UMG," and together with Cole and Cole World, "Defendants") herein, alleges as follows:

**NATURE OF ACTION**

1. Plaintiff, professionally known as Cam'ron, is a world renowned rapper and entrepreneur. Plaintiff brings this action for a declaration that he is a co-author of the sound recording (the "Sound Recording") of the song "Ready 24."

2. In or about December 2021, Plaintiff agreed with Cole to contribute lyrics to a verse in the composition (the "Composition") of "Ready 24," which Plaintiff understood he and Cole

would subsequently record and Defendant would release on a future album, subject to certain specified conditions.

3. Plaintiff's contribution to the Composition was expressly conditioned on Plaintiff having final approval over the release of the Composition or any sound recording embodying the Composition, appropriate credit on the Composition and subsequent sound recording, and Cole collaborating with Plaintiff on a future project.

4. Subject to the above conditions, Cole agreed to collaborate on a future recording that Plaintiff would release as a single or appear on Plaintiff's podcast "It Is What It Is" (the "Podcast").

5. Plaintiff wrote the Lyrics for the Composition and Plaintiff and Cole recorded the Sound Recording embodying the Composition in or about June 2022 in New York City.

6. Two years later, with Cole having refused to honor his agreement to collaborate with Plaintiff on either a single or on the Podcast, Defendants nevertheless released the Sound Recording, which embodied the Composition, on the album *Might Delete Later*.

7. The Composition of Ready 24 has been registered in the United States Copyright Office by Cole and Plaintiff is identified as a co-author. Plaintiff brings this action for a declaratory judgment that the Sound Recording is also a "joint work" under the Copyright Act.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331 because this is a declaratory judgment action for co-authorship under the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

9. This Court has jurisdiction over Cole and Cole World because upon information and belief Cole is a resident of the state of New York and is Cole World's only member.

10. This Court has jurisdiction over all Defendants, including UMG, because Defendants' affiliations in the state of New York are systematic and continuous.

11. Upon information and belief, Cole has toured and performed in the state of New York and his songs are available for purchase, download, and stream to residents in the state.

12. Upon information and belief, Defendants have fixed, reproduced, communicated, publicly distributed, sold, and trafficked songs, or authorized others to do so, in the state of New York and this District.

13. This Court has jurisdiction over Cole because Cole directed his conduct and activities related to "Ready 24" to residents in the state of New York.

14. Plaintiff cowrote to the Composition in New York City and recorded the Sound Recording with Cole at Electric Lady Studios in New York City.

15. Upon information and belief, Defendants marketed and performed the Sound Recording in the state of New York and the Sound Recording is available for purchase, download, and stream to residents in the state.

16. The venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(1) and (2) and 28 U.S.C. §1400(a) because Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

17. Plaintiff is a world-renowned rapper and entrepreneur. Plaintiff also hosts the Podcast "It Is What It Is." Plaintiff is a resident of the state of Navada and regularly conducts business in the state of New York.

18. Upon information and belief, Defendant Cole resides in New York. Cole is also a world-renowned rapper who regularly transacts business in the state of New York and within this District.

19. Upon information and belief, Defendant Cole World is a limited liability company organized under the laws of the state of New York. Cole World is Defendant Cole's music publishing entity.

20. Upon information and belief, Defendant UMG is a Delaware corporation with a principal place of business located in Santa Monica, California, and systematically transacts business in the state of New York. UMG is the record label on which Cole released the Recording.

**FACTS COMMON TO ALL CAUSES OF ACTION**

21. In or about May 2021, Plaintiff agreed to perform on Cole's song titled "95 South," which was the introduction for Cole's album The Off Season. Plaintiff contributed his vocals to the sound recording of "95 South."

22. The Off Season was released in May 2021.

23. In or about December 2021, Cole asked Plaintiff to create a musical composition and sound recording embodying the musical composition with Cole for a future album that Cole was recording. Plaintiff agreed under the express conditions that Plaintiff had control over the release of the composition and any sound recording embodying the composition and that Cole agree to collaborate on a future single that Plaintiff would release.

24. In or about June 2022, Plaintiff contributed lyrics to the introduction and the second verse for the Composition of "Ready 24" during a recording session at Electric Lady Studios in New York City, which Cole was using for an ongoing project.

25. At the same time, Plaintiff and Cole also recorded the Sound Recording.

4

26. Plaintiff never received compensation from Cole, nor did he convey in writing any rights in the Sound Recording to Cole or the other Defendants.

27. Plaintiff told Cole at the time of the recording session in or about June 2022 that he would not authorize the release of the Sound Recording or Composition for "Ready 24" until Cole performed on the future single with Plaintiff and Cole agreed.

28. In September 2022, Plaintiff asked Cole if he would agree to perform on one of two songs that Plaintiff had previously recorded.

29. Cole told Plaintiff that he preferred to collaborate with Plaintiff on a song that the two created together as opposed to a song that was previously recorded. However, the collaboration never materialized despite due request by Plaintiff.

30. In July 2023, Plaintiff again reached out to Cole about appearing on Plaintiff's Podcast "It Is What It Is" instead of collaborating on a future song. Cole informed Plaintiff that he was releasing an album containing "Ready 24" and would agree to appear on the Podcast at a later date.

31. Between July 2023 and April 2024, Plaintiff and Cole continued to communicate but Cole repeatedly stated that he was unavailable to appear on the Podcast.

32. In April 2024, Defendants released the Sound Recording of "Ready 24," which embodied the Composition on Cole's album Might Delete Later.

33. On June 13, 2024, Warner Chappel Music applied to the United States Copyright Office for the Composition of "Ready 24" under registration number PA0002479621. Plaintiff is identified as a co-author.

34. The Sound Recording is not registered.

35. Plaintiff has not been paid any royalties from the exploitation of the Composition or Sound Recording.

36. Upon information and belief, Plaintiff is owed at least $500,000 from the exploitation of the Composition and Sound Recording.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment as to the Sound Recording)

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 above as if fully set forth herein.

38. Plaintiff contends that he is a co-author of the Sound Recording.

39. By reason of the foregoing, there is a justiciable controversy between Plaintiff and Defendant concerning the ownership of the Sound Recording.

40. Plaintiff is entitled to a declaration that he is a co-author of the Sound Recording.

41. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Accounting)

42. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 above as if fully set forth herein.

43. Upon information and belief, Defendants have received monies from the exploitation of the Composition and Sound Recording embodying the Composition of "Ready 24" and have failed to properly account to Plaintiff or pay royalties to Plaintiff for the Composition and/or Sound Recording.

44. Plaintiff is entitled to an accounting of all monies received by Defendants from the exploitation of the Composition and Sound Recording.

45. Plaintiff has no remedy at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    A.    On the First Cause of Action, an Order declaring Plaintiff a co-author of the Sound Recording.

    B.    On the Second Cause of Action, an Order directing Defendants to perform an accounting of all monies received from exploitation of the Composition and Sound Recording embodying the Composition of "Ready 24" and to pay over Plaintiff's proportionate share of such monies.

    C.    Awarding Plaintiff attorneys' fees and the costs of this action as permitted by law; and

    D.    Awarding Plaintiff such other and further relief as the Court deems equitable and proper.

Dated: October 28, 2025

Respectfully submitted,

 *s/ Brett Van Benthysen*
Brian D. Caplan
Robert W. Clarida
Brett Van Benthysen
REITLER KAILAS & ROSENBLATT LLP
885 Third Avenue, 20th Floor
New York, NY 10022
Tel: (212) 209-3045
bcaplan@reitlerlaw.com
rclarida@reitlerlaw.com
bvanbenthysen@reitlerlaw.com

*Counsel for Plaintiff Cameron Giles*