UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMERON GILES, p/k/a CAM'RON,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JERMAINE LAMARR COLE, p/k/a J. COLE; COLE WORLD INC.; and UNIVERSAL MUSIC GROUP, INC.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-08920-LAP<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS COLE WORLD INC. AND JERMAINE LAMARR COLE P/K/A J. COLE** |

Defendants Cole World Inc. ("Cole World") and Jermaine Lamarr Cole p/k/a J. Cole ("Cole," and together with Cole World, "Defendants"), by their undersigned counsel, answer the Complaint of Plaintiff Cameron Giles p/k/a Cam'ron ("Plaintiff") dated October 28, 2025 (ECF No. 1, the "Complaint"), as follows:

## NATURE OF ACTION[1]

1.　Defendants deny knowledge or information as to the truth of the allegations in Paragraph 1 of the Complaint, except admit that Plaintiff's Complaint seeks a declaration that he is a co-author of the sound recording of the song "Ready '24."

2.　Defendants deny the allegations in Paragraph 2 of the Complaint.

3.　Defendants deny the allegations in Paragraph 3 of the Complaint.

4.　Defendants deny the allegations in Paragraph 4 of the Complaint.

5.　Defendants deny the allegations in Paragraph 5 of the Complaint, except admit only that Plaintiff wrote lyrics solely to his verse in "Ready '24" and provided a featured

---

[1] The headings of the Complaint are included for convenience only and do not constitute admissions; to the extent any heading contains factual allegations or legal conclusions, Defendants deny each and every such allegation and conclusion.

performance on Cole's sound recording of "Ready '24," recorded in or about June 2022 in New York City.

6. Defendants deny the allegations in Paragraph 6 of the Complaint, except admit only that "Ready '24" was released on the album *Might Delete Later* in or about April 2024.

7. Defendants deny the allegations in Paragraph 7 of the Complaint, except admit that a copyright registration has been filed with the United States Copyright Office by a third party publisher, identifying several writers to the composition "Ready '24," which speaks for itself, and admit further that Plaintiff's Complaint purports to seek a declaratory judgment that the sound recording of "Ready '24" is a joint work under the Copyright Act, which Defendants deny.

## JURISDICTION AND VENUE

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8 of the Complaint, but admit that Plaintiff purports to assert a single declaratory judgment claim under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and claims that this Court has subject matter jurisdiction thereover pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendants affirmatively aver that the allegations of the Complaint fail to support subject matter jurisdiction as the allegations of the Complaint are in the nature of a state law contract claim.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Cole is a resident of the State of New York, and deny that he is the "only member" of Cole World as it is not a limited liability company, and affirmatively aver that he is the sole owner of Cole World Inc.

2

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10 of the Complaint as asserted against them.[2]

11. Defendants admit the allegations in Paragraph 11 of the Complaint solely to the extent that Cole has performed in the State of New York and that sound recordings by Cole are available to residents of the State of New York.

12. Defendants deny the allegations in Paragraph 12 of the Complaint, except admit that sound recordings embodying the performances of Defendant Cole are available to residents of the State of New York.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13 of the Complaint as pleaded against them.

14. Defendants deny the allegations in Paragraph 14 of the Complaint except admit that Plaintiff wrote lyrics in connection with his featured performance on "Ready '24," which was recorded at Electric Lady Studios in New York City in or about June 2022.

15. Defendants deny the allegations in Paragraph 15 of the Complaint except admit that "Ready '24" is available to residents in the State of New York.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny that venue is proper under 28 U.S.C. § 1391 and deny that this Court has personal jurisdiction over Defendants. Defendants further deny that

---

[2] On January 29, 2026, the Court approved the dismissal of Universal Music Group, Inc. from this action, and thus it is no longer a defendant in this action.

subject matter jurisdiction exists for the reasons stated herein, and on that basis deny the allegations contained therein.

## PARTIES

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis deny the allegations contained therein, except admit that Plaintiff is a recording and performing artist.

18. Defendants deny the allegations in Paragraph 18 of the Complaint except admit that Cole is a recording and performing artist.

19. Defendants deny the allegations in Paragraph 19 of the Complaint, as Defendant Cole World Inc. is not a limited liability company and as the allegations incorrectly allege its role with respect to Defendant Cole.

20. Defendants deny knowledge or information as to the truth of the allegations in Paragraph 20 of the Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

21. Defendants deny the allegations in Paragraph 21 of the Complaint, except admit that Plaintiff provided featured vocals on a song entitled "95 South," which appeared on Cole's album *The Off Season*.

22. Defendants admit that *The Off Season* was released in or about May 2021.

23. Defendants deny the allegations in Paragraph 23 of the Complaint, including regarding discussions as to any conditions or agreements, except admit that in or about 2021 or 2022 Cole and Plaintiff discussed the possibility of Plaintiff contributing a featured vocal performance on a recording for a Cole album.

24. Defendants deny the allegations in Paragraph 24 of the Complaint except admit that, in or about June 2022, Plaintiff voluntarily and without condition appeared as a featured

performer/lyricist on his single verse on Cole's recording of "Ready '24" in New York City. Defendants further deny that Plaintiff objected to the release of "Ready '24" or asserted any condition or ownership claim prior to its commercial release.

25. Defendants deny the allegations in Paragraph 25 of the Complaint, except admit that in or about June 2022, Plaintiff voluntarily and without condition appeared as a featured performer/lyricist on his single verse on Cole's recording of "Ready '24" in New York City.

26. Defendants deny the allegations in Paragraph 26 to the extent they imply that Defendants had no right to utilize Plaintiff's featured performance, as he had agreed they could. Defendants affirmatively aver that Plaintiff encouraged and blessed Defendants' use of his performance, as it was to his career benefit, and that it was only after the release of "Ready '24" that he began to demand unreasonable conditions never agreed to by Cole, or an excessive fee inconsistent with industry standards for a featured performance, followed by the filing of this lawsuit without notice to publicly disparage Cole as leverage.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint, except admit that from time to time Cole and Plaintiff would have discussions about the possibility of Cole working with Plaintiff on one of his songs, but no commitment was ever made to do so nor was there any agreement or condition related to "Ready '24" to do so.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint, except admit that Plaintiff asked Cole to appear on his podcast, and that he and Cole discussed the possibility of Cole appearing on Plaintiff's podcast, but no commitment was ever made by Cole to do so nor was there any agreement or condition related to "Ready '24" to do so.

21410062.1

31. Defendants deny the allegations in Paragraph 31 of the Complaint, except admit and aver that when Plaintiff wanted to talk with Cole, Cole was responsive.

32. Defendants deny the allegations in Paragraph 32 of the Complaint, except admit that, in or about April 2024, Cole's album *Might Delete Later* was commercially released, and one of the tracks on that album contained the sound recording and composition entitled "Ready '24."

33. Defendants admit the allegation of Paragraph 33 of the Complaint solely to the extent a third party publisher appears to have filed a copyright registration application for a registration appearing on the registry of the United States Copyright Office Registration No. PA 2-479-621, for a composition entitled "Ready '24" listing Plaintiff, Cole, and several other persons as authors of the composition, which document speaks for itself. Except as expressly admitted, Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants lack knowledge or information as to the status of any application to register the copyright in the sound recording of "Ready '24" or the album *Might Delete Later*, and to that extent deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint to the extent they imply that Plaintiff is entitled to monies as a copyright owner of the sound recording of "Ready '24" as he is not, and deny knowledge or information as to the status of the publishing revenue percentages that have to be allocated amongst the producers and sample writers who contributed to "Ready '24" for publishing revenue to be generated. Defendants otherwise deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment as to the Sound Recording)

37. Defendants reallege and incorporate herein by reference their responses to Paragraph 1 through 36 of the Complaint as if fully set forth herein.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint, and aver that Plaintiff's Complaint sounds in breach of contract and pleads no elements of any joint authorship claim.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

## SECOND CAUSE OF ACTION
### (Accounting)

42. Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

The relief requested requires no response as there are no facts alleged therein. To the extent any response is required, Defendants deny the allegations in the relief requested, object to the relief requested, and deny that Plaintiff is entitled to any of the relief requested in the Complaint (or any other relief whatsoever).

**JURY DEMAND**

Defendants admit that Plaintiff has demanded a trial by jury.  Defendants deny that Plaintiff is entitled to the relief requested by the Complaint, including a jury, or any other relief whatsoever.

**AFFIRMATIVE DEFENSES**

In further response to the Complaint, Defendants make the following allegations as affirmative defenses against the claims asserted against them therein, without admitting that they bear the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or apparent during the course of this action.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(No Joint Authorship / No Joint Work as to the Sound Recording)**

Plaintiff is not, and never was, a joint author or co-owner of the sound recording entitled "Ready '24."  Plaintiff therefore is not entitled to the declaratory or equitable relief he seeks premised on any alleged ownership interest in the sound recording.  At the time of the creation of the sound recording, the parties did not mutually intend to create a joint work or to share ownership of the sound recording, which is a required element of joint authorship under the Copyright Act.

### THIRD AFFIRMATIVE DEFENSE
**(Implied License / Consent / Authorization)**

Plaintiff authorized and consented to the recording, release, distribution, and exploitation of "Ready '24" and/or granted Defendants an implied license to do so. Plaintiff's claims for declaratory and equitable relief are therefore barred, in whole or in part, to the extent they are predicated on any alleged lack of authorization or consent.

### FOURTH AFFIRMATIVE DEFENSE
**(Equitable Estoppel)**

By words, conduct, and course of dealing, Plaintiff led Defendants reasonably to believe that Plaintiff consented to, and would not contest, Defendants' release and exploitation without condition of "Ready '24." Defendants reasonably relied on Plaintiff's conduct to their detriment. Plaintiff is estopped from asserting claims inconsistent with that conduct.

### FIFTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiff knowingly and voluntarily waived any alleged right to object to Defendants' release and exploitation of "Ready '24" by authorizing and permitting the recording and release of the sound recording without timely objection and without insisting upon satisfaction of any alleged conditions precedent to release.

### SIXTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiff's claims for equitable relief, including Plaintiff's claim for an accounting, are barred, in whole or in part, by laches.

### SEVENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Plaintiff's claims for equitable relief, including Plaintiff's claim for an accounting, are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
**(Adequate Remedy at Law)**

Plaintiff's claims for equitable relief are barred, in whole or in part, because Plaintiff has an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE
**(No Duty to Account)**

Plaintiff is not entitled to an accounting because Plaintiff has not alleged, and cannot establish, any fiduciary relationship, joint ownership interest, contractual obligation, or other relationship giving rise to a duty to account.

### TENTH AFFIRMATIVE DEFENSE
**(Failure to Join Necessary Parties)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to join parties required under Rule 19, including persons or entities whose rights and interests would be directly affected by any declaration of ownership or order directing an accounting concerning the sound recording or revenues derived from its exploitation.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including the three-year limitations period set forth in the Copyright Act.

### TWELFTH AFFIRMATIVE DEFENSE
**(Setoff / Recoupment)**

To the extent Plaintiff is found entitled to any monetary relief, which Defendants deny, any such recovery must be reduced by setoff and/or recoupment, including amounts paid or payable to third parties and other costs, expenses, advances, royalties, and charges associated with the creation, clearance, distribution, and exploitation of "Ready '24."

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over Plaintiff's claims because they are, in substance, based on an alleged breach of contract or failure to perform alleged promises, and do not arise under the Copyright Act or any other federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Defendants because Defendants lack sufficient minimum contacts with the State of New York related to the claims asserted, and the exercise of jurisdiction would violate due process.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

Venue is improper in this District under 28 U.S.C. § 1391, and the action should be dismissed or transferred.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Defendants hereby give notice that, due to their incomplete knowledge as to the matters set forth in the Complaint at this time, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendants thus reserve their right to amend their Answer to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants Cole World Inc. and Jermaine Lamarr Cole respectfully request that the Court enter judgment in their favor and against Plaintiff, as follows:

A. Denying all relief sought by Plaintiff in the Complaint;

21410062.1

B. Dismissing the Complaint in its entirety with prejudice;

C. Declaring that Plaintiff has no ownership interest in the sound recording entitled "Ready '24";

D. Declaring that Plaintiff is not entitled to an accounting or any other equitable relief;

E. Denying Plaintiff's request for attorneys' fees and costs;

F. Awarding Defendants their costs, and awarding attorneys' fees to Defendants to the extent permitted by law; and

G. Granting such other and further relief as the Court may deem just and proper.

DATED: New York, New York
February 10, 2026

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Christine Lepera
Christine Lepera (ctl@msk.com)
Samantha W. Frankel (swf@msk.com)
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants Cole World Inc. and Jermaine Lamarr Cole p/k/a J. Cole*